UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury H-01-1

| UNITED STATES OF AMERICA | CRIMINAL NO. _____ |
|---|---|
| v. | VIOLATIONS: 3:02CR191PCD |

SAMMY VIRELLA, aka "PACO,"
JOSE REFUGIO ROMERO-MACHADO,
   aka "PICOTILLO" and "MEXICO,"
JOSE LUIS ROMERO-MACHADO, aka
   "LOCO,"
MARIN FELIPE ZAMUDIO-GASTELUM,
ADRIAN TAPIA, aka "MARIANO
   BEDOYA,"
MARIO QUINTERRO,
DAVID PAPPAS,
JESUS PEREZ, aka "GORDO,"
ABRAHAM LAPORTE, aka "G-BO,"
JESSICA ACEVEDO, aka "JESSICA
   MORALES,"
EFRAIN ROSARIO, aka "E,"
LUIS ELIAS, aka "JUNE,"
RUDY SMITH,
JEFFERY JOHNSON,
VICENTE OJEDA, aka "VINNY" and
   "RICKY,"
JONATHAN CASILLAS, aka "BIG JON,"
TRAVIS AUALA, aka "T,"
REYNALDO HERNANDEZ, aka "CANO,"
JOHN DOE, aka "GELLO,"
and
RICARDO ROBLES

21 U.S.C. § 846
(Conspiracy to Distribute Cocaine)

21 U.S.C. § 841(a)(1)
(Possession with Intent to Distribute &
Distribution of Cocaine & Cocaine Base)

18 U.S.C. § 2
(Aiding and Abetting)

21 U.S.C. § 843(b)
(Use of a Telephone to Facilitate a Drug
Felony)

21 U.S.C. § 853
(Criminal Forfeiture)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

From on or about May 8, 2002, the exact date being unknown to the Grand Jury, to on or about June 24, 2002, in the District of Connecticut and elsewhere,

SAMMY VIRELLA, aka "PACO"
JOSE REFUGIO ROMERO-MACHADO, aka "PICOTILLO" and "MEXICO"
JOSE LUIS ROMERO-MACHADO, aka "LOCO"
MARIN FELIPE ZAMUDIO-GASTELUM
ADRIAN TAPIA, aka "MARIANO BEDOYA"
MARIO QUINTERRO
DAVID PAPPAS
JESSICA ACEVEDO, aka "JESSICA MORALES"
EFRAIN ROSARIO, aka "E"
LUIS ELIAS, aka "JUNE"
RUDY SMITH and
RICARDO ROBLES

the defendants herein, and others known and unknown to the Grand Jury, knowingly and intentionally conspired together and with one another, to possess with intent to distribute, and to distribute, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

On or about May 16, 2002, in the District of Connecticut, SAMMY VIRELLA, aka "PACO," and JESSICA ACEVEDO, aka "JESSICA MORALES," the defendants herein, did knowingly and intentionally possess with intent to distribute, and distribute, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii); Title 18, United States Code, Section 2.

## COUNT THREE

On or about May 16, 2002, in the District of Connecticut, LUIS ELIAS, aka "JUNE," and RUDY SMITH, the defendants herein, did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii); Title 18, United States Code, Section 2.

## COUNT FOUR

On or about June 23, 2002, in the District of Connecticut, SAMMY VIRELLA, aka "PACO," and JESSICA ACEVEDO, aka "JESSICA MORALES," the defendants herein, did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii); Title 18, United States Code, Section 2.

## COUNT FIVE

On or about June 24, 2002, in the District of Connecticut, ADRIAN TAPIA, aka "MARIANO BEDOYA," the defendant herein, did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii).

## COUNT SIX

On or about January 18, 2002, in the District of Connecticut, JONATHAN CASILLAS, aka "BIG JON," the defendant herein, did knowingly and intentionally possess with intent to distribute, and distribute, 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

## COUNT SEVEN

On or about January 29, 2002, in the District of Connecticut, TRAVIS AUALA, aka "T," the defendant herein, did knowingly and intentionally possess with intent to distribute, and distribute, 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

## COUNT EIGHT

On or about February 8, 2002, in the District of Connecticut, SAMMY VIRELLA, aka "PACO," the defendant herein, did knowingly and intentionally possess with intent to distribute, and distribute, 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

## COUNT NINE

On or about February 24, 2002, in the District of Connecticut, SAMMY VIRELLA, aka "PACO," and VICENTE OJEDA, aka "VINNY" and "RICKY," the defendants herein, did knowingly and intentionally possess with intent to distribute, and distribute, 5 grams or more of a

mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii); Title 18, United States Code, Section 2.

### COUNT TEN

On or about February 27, 2002, in the District of Connecticut, VICENTE OJEDA, aka "VINNY and "RICKY," the defendant herein, did knowingly and intentionally possess with intent to distribute, and distribute, 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

### COUNT ELEVEN

On or about March 1, 2002, in the District of Connecticut, VICENTE OJEDA, aka "VINNY and "RICKY," the defendant herein, did knowingly and intentionally possess with intent to distribute, and distribute, 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

### COUNT TWELVE

On or about March 14, 2002, in the District of Connecticut, SAMMY VIRELLA, aka "PACO," and REYNALDO HERNANDEZ, aka "CANO," the defendants herein, did knowingly and intentionally possess with intent to distribute, and distribute, 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii); Title 18, United States Code, Section 2.

## COUNT THIRTEEN

On or about March 20, 2002, in the District of Connecticut, SAMMY VIRELLA, aka "PACO," the defendant herein, did knowingly and intentionally possess with intent to distribute, and distribute, 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii).

## COUNT FOURTEEN

On or about March 26, 2002, in the District of Connecticut, SAMMY VIRELLA, aka "PACO," the defendant herein, did knowingly and intentionally possess with intent to distribute, and distribute, 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii).

## COUNT FIFTEEN

On or about May 16, 2002, in the District of Connecticut, JEFFERY JOHNSON, the defendant herein, and others known to the Grand Jury, knowingly, intentionally and unlawfully used a communication facility, to wit, a telephone, in facilitating the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine, a Schedule II controlled substance, which action is prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 843 (b).

## COUNT SIXTEEN

On or about May 11, 2002, in the District of Connecticut, JOHN DOE, aka "GELLO," the defendant herein, and another known to the Grand Jury, knowingly, intentionally and unlawfully used a communication facility, to wit, a telephone, in facilitating the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine, a Schedule II controlled substance, which action is prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 843 (b).

## COUNT SEVENTEEN

On or about June 6, 2002, in the District of Connecticut, ABRAHAM LAPORTE, aka "G-BO," the defendant herein, and another known to the Grand Jury, knowingly, intentionally and unlawfully used a communication facility, to wit, a telephone, in facilitating the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine, a Schedule II controlled substance, which action is prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 843 (b).

## COUNT EIGHTEEN

On or about June 23, 2002, in the District of Connecticut, JESUS PEREZ, aka "GORDO," the defendant herein, and another known to the Grand Jury, knowingly, intentionally and unlawfully used a communication facility, to wit, a telephone, in facilitating the knowing, intentional and unlawful possession with intent to distribute and distribution of cocaine, a

Schedule II controlled substance, which action is prohibited by the provisions of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 843 (b).

### COUNT NINETEEN

1. The allegations contained in Counts One through Four and Eight through Fourteen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 21, United States Code, Section 853.

2. As a result of the foregoing offenses, SAMMY VIRELLA, aka "PACO," JOSE REFUGIO ROMERO-MACHADO, aka "PICOTILLO" and "MEXICO," JOSE LUIS ROMERO-MACHADO, aka "LOCO," VICENTE OJEDA, aka "VINNY" and "RICKY," LUIS ELIAS, aka "JUNE," and DAVID PAPPAS, the defendants named in Counts One through Four and Eight through Fourteen of this Indictment, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained directly or indirectly as a result of the violations alleged in this Indictment, any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged herein, and any of said defendant's interest in, claims against, and property and contractual rights of any kind which was used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts One through Four and Eight through Fourteen of this Indictment, including, but not limited to, the following:

    a.    Approximately $250,000 in United States currency, in that such sum in aggregate was received in exchange for the distribution of controlled substances or is traceable thereto;

b.  a white 1996 Chrysler Sebring, Connecticut registration 176-PUC, registered to Jose Virella, VIN 3C3EL45H0TT244245;

c.  a red 1989 Mercedes Benz 300CE, Connecticut registration 879-RPR, registered to Michelle Bender, VIN WDBEA50D7KA935403;

d.  a black 1994 Nissan Altima, Connecticut registration 782-RMZ, registered to Vicente Ojeda, VIN 1N4BU31DXRC123175;

e.  A black Mitsubishi 3000 GT, Connecticut registration 745-ROM, registered to Vicente Ojeda, VIN JA3BM54J2PY022489;

f.  A brown 1996 Toyota Avalon, Massachusetts registration 8888ZW, registered to Luis Elias, VIN 4T1BF12B5TU103788; and

g.  a white 1998 Chevrolet Silverado Pickup, Connecticut registration 33654C, registered to David Pappas, VIN 2GCEC19R6W1134383.

3.  If any of the above-described forfeitable property, as a result of any act or omission of the said defendants named in this Indictment: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or disposed with, a third person; (c) has been placed beyond the jurisdiction of the United States District Court for the District of Connecticut; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the said defendant, up to the value of the above-described forfeitable property.

All in violation of Title 21, United States Code, Sections 841, 846, and 853.

A TRUE BILL

_____
FOREPERSON

JOHN A. DANAHER III
UNITED STATES ATTORNEY

_____
JOHN H. DURHAM
COUNSEL TO THE UNITED STATES ATTORNEY

_____
PETER D. MARKLE
CHIEF, DRUG TASK FORCE

_____
MICHAEL J. GUSTAFSON
ASSISTANT UNITED STATES ATTORNEY

_____
RAYMOND F. MILLER
ASSISTANT UNITED STATES ATTORNEY